FILED
SUPERIOR COURT
OF GUAM

2021 MAR 18 PM 4: 22

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VINCENT OBINA GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>NATASHA CASTRO APURON,<br><br>Defendant. | Superior Court Case No. <u>DM0630-19</u><br><br><br>**DECISION AND ORDER RE<br>MEDIATION AGREEMENT** |

The Court here addresses whether the parties have resolved the issues of physical and legal custody over the parties' two minor children. The Court determines the parties did not reach a resolution on those issues and DENIES enforcement of the parties' Mediation Agreement beyond the terms agreed upon by the parties.

### I. PROCEDURAL BACKGROUND

Vincent Obena Gomez filed this case seeking full legal and primary physical custody of the parties' two minor children. Compl. Custody (Nov. 12, 2019). Natasha Castro Apuron also counterclaimed for full legal and primary physical custody. Answer and Countercl. Child Custody (Jan. 29, 2020). Seven months into the litigation, the parties stipulated to a visitation schedule allowing Gomez visitation between Friday evening and Sunday evening. Stip. and Order re Visitation (June 22, 2020). The parties also requested mediation, which the Court granted. Stip. and Order re Mediation (Aug. 7, 2020); Order for Mediation (Aug. 7, 2020).

The mediators informed the Court that mediation occurred and that the parties had reached an agreement. Mediator's Statement (Nov. 6, 2020). The parties stipulate that the Mediation Agreement indicates the following:

ORIGINAL

Parties agree to the following visitation schedule.

Vincent gets girls from Friday at 8:00 A.M. through Sunday at 6:00 P.M.-pick up at Agana Pizza Hut.

Parties will be 5 minutes early for drop-off/pickup.

Parties would like to switch to Erica's House as much as possible when that becomes available.

Special Days as follows:

2020 Thanksgiving- Vincent needs his schedule, then will text for the time frame.

2020 Christmas- Vincent 2pm if not working, 3:30pm if working that day.

2020 New Years- same as Christmas.

Girls' Birthdays-Vincent will have from 2pm to 7pm.

Father's Day with Vincent

Mothers Day with Natasha

Easter- Mom will pick-up

Tax filings from now forward, Vincent claims Aria, Natasha claims Aaliyah.

Vincent is responsible for medical and dental insurance premiums.

Both parties to communicate via text for emergency and information regarding the children's welfare/care and visitation.

Parties agree to allow children to contact the parent not currently caring for them.

Mediator's Statement at 3; Stip. re: Mediation Agreement (Feb. 22, 2021) (transcribing, at Court's request, the handwritten Mediation Agreement).

At a status hearing on January 5, 2021, Apuron asked the Court to recognize the Mediation Agreement as a final agreement on all disputed issues. The Court construed the request as a Motion to Enforce Settlement Agreement. Order Setting Hr'g on Settlement Issues (Jan. 7, 2021). It heard arguments on the Motion on February 15, 2021.

ORIGINAL

## II.   LAW AND DISCUSSION

Interpretation of a mediation agreement follows the rules of construction for contracts. The Court attempts to derive the parties' intent from the writing alone. *Blas v. Cruz*, 2009 Guam 12 ¶ 18; *Leon Guerrero v. Moylan*, 2000 Guam 28 ¶ 8. Effect must be given to the mutual intent of the parties as expressed in the writing. *Leon Guerrero*, 2000 Guam 28 ¶ 8.

The Mediation Agreement contains several indications of a limited scope. For example, at the outset, the parties preface the Mediation Agreement by stating: "Parties agree to the following *visitation schedule*." (Emphasis added). They then give specific timeframes that they've agreed upon: "*2020* Thanksgiving;" "*2020* Christmas;" and "*2020* New Years." (Emphases added). This language indicates that the parties limited the Mediation Agreement to visitation and for 2020.

As to legal custody, both parties' pleadings seek sole legal custody. However, Apuron claims that, in the Mediation Agreement, they agreed to share joint legal custody. Joint legal custody is defined as "the right and obligation to make long-range decisions involving education, religious training, discipline, medical care, and other matters of major significance concerning the child's life and welfare." *Howerton v. Howerton*, 2004 Guam 8 ¶ 12. While Apuron points to language in the Mediation Agreement that Vincent will pay for medical and dental insurance premiums, and that they would communicate regarding visitation and welfare, other aspects involved in legal custody are not mentioned. First, the Mediation Agreement does not mention education, such as where the kids will attend school. This may be a point of contention as the parties' older child has shifted through many schools during her primary education years, and the younger child is approaching school age. Second, the Mediation Agreement does not mention the use of discipline. Finally, the issue of religion is not mentioned, though the Court recognizes that the Custody Study identified that Gomez and Apuron practice the same faith.


ORIGINAL

While Apuron believes that simply agreeing to communicate results in a resolution of joint legal custody, the Mediation Agreement's failure to resolve the issues mentioned above, on top of the limited timeframe for visitation, indicates that the parties have not resolved long-term physical custody or legal custody issues. Rather, the Court finds that the language of the Mediation Agreement does not specifically indicate an agreement beyond 2020 holidays, nor does it cover all of the items related to legal custody.

## III. CONCLUSION

In enforcing the Mediation Agreement as written, the Court finds that the parties reached an agreement as to visitation for a limited term to include the then-upcoming holidays. They did not reach a final agreement to resolve all issues, including long-term physical custody and legal custody.

The Court therefore DENIES the enforcement of the Mediation Agreement as a final resolution.

SO ORDERED this 18th day of March 2021.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_____GLSC_____
_____A.C. Perez_____
Date: _____ Time: _3/18/21_
_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Robert G.P. Cruz, Esq., Guam Legal Services Corporation, for Plaintiff Vincent Obina Gomez
Anthony C. Perez, Esq., Law Office of Anthony C. Perez, for Defendant Natasha Castro Apuron

ORIGINAL